**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

CHARMAINE OSBORNE,                    :        CIVIL ACTION
                                      :
           Plaintiff                :        CASE NO.:
                                      :
         v.                       :        **JURY TRIAL DEMANDED**
                                      :
CONCILIO DE ORGANIZACIONES           :
HISPANAS DE FILADELFIA, INC.,         :
                                      :
           Defendant                :
_____:

## COMPLAINT AND JURY DEMAND

### I.     PRELIMINARY STATEMENT

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Charmaine Osborne ("Plaintiff Osborne"), a former employee of Defendant Concilio de Organizaciones Hispanas de Filadelfia, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.     This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. §12010 et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

### II.     JURISDICTION AND VENUE

3.     The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Osborne' claims are substantively based on the ADA and FMLA.

1

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Osborne's claims arising under the PHRA.

5.      All conditions precedent to the institution of this lawsuit have been fulfilled.  On February 9, 2026, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notices of Right to Sue to Plaintiff Osborne, and this action has been filed within ninety (90) days of receipt of said notice.

6.      Plaintiff Osborne has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.    **PARTIES**

7.      Plaintiff Charmaine Osborne ("Plaintiff Osborne") is a forty-two (42) year old female citizen of the Commonwealth of Pennsylvania, residing therein at 2127 S. Alden Street, Philadelphia, Pennsylvania 19143.

8.      Defendant Concilio de Organizaciones Hispanas de Filadelphia, Inc. ("Defendant") is a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 141 East Hunting Park Avenue, Philadelphia, Pennsylvania 19124.  Defendant provides parenting skills training, housing counseling, adoption services, foster care services, victim witness services, after school programs for community youth, summer work ready programs, and post-permanency services.

9.      At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

2

10.     At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

11.     At all times material herein, Plaintiff Osborne has been an "employee" as defined under the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.    STATEMENT OF FACTS

12.     Plaintiff Osborne was employed by the Defendant, and its predecessor Turning Points for Children, from on or about February 13, 2023 until on or about January 27, 2025, the date of her unlawful termination.

13.     During the course of her employment, Plaintiff Osborne served as an Administrative Assistant and reported directly to Sakina Gaines ("Gaines"), CUA Case Management Director, and indirectly to Marie Gaston ("Gaston"), CUA Administrative Supervisor.

14.     In that role, Plaintiff's Osborne's duties included, but were not limited to, working closely with her assigned Director, communicating with team case managers, scheduling meetings, assisting with supervision issues, uploading documents into the company ECMS, sending and printing documents, conducting supervised visits, scheduling travel for cases arising under the Interstate Compact on the Placement of Children, obtaining reports from DHS, and performing other duties and responsibilities as requested of her by her assigned Director and Case Managers.

15.     At all times relevant hereto, Plaintiff Osborne performed her job responsibilities in a dutiful and highly competent manner.

16.     As evidence thereof, Plaintiff Osborne received frequent verbal praise and special commendations from her immediate supervisor Gaines during Team meetings.

17.     In fact, at no time prior to Plaintiff Osborne's disclosure of her disabilities and request for accommodations (discussed hereinafter) did the Defendant ever counsel Plaintiff or criticize her work performance or workplace conduct in any way.

18.     In or about May of 2024, Plaintiff Osborne was diagnosed with Depression and Acute Adjustment Disorder.  Said medical conditions are disabilities as defined by the ADA and PHRA in that they substantially impair one or more of Plaintiff Osborne's major life activities including, but not limited to, interacting with others, concentrating, and sleeping.

19.     After receiving said diagnoses, Plaintiff Osborne disclosed her disabilities to her managers and requested reasonable accommodation for same in the form of a brief medical leave of absence from work under the FMLA.

20.     Plaintiff Osborne applied and was approved for FMLA leave for approximately two (2) months, from in or about May of 2024 through in or about June of 2024.

21.     Following Plaintiff Osborne's return from FMLA leave, the Defendant embarked upon a campaign of discrimination and retaliation directed at Plaintiff Osborne based on her disability, need for accommodations, and in retaliation for exercising her rights under the FMLA.

22.     By way of example, on or about September 16, 2024, Gaston issued Plaintiff Osborne a Performance Correction Notice and Performance Improvement Plan ("PIP") for alleged "substandard work."  Therein, Gaston alleged that Plaintiff Osborne committed (1) Policy/Procedure Violation; (2) Performance Transgression; and (3) Behavior/Conduct Infraction.  Curiously, Gaston issued the PIP without seeking input or feedback from Plaintiff Osborne's immediate supervisor Gaines, and without first advising Gaines of her intention to issue the said PIP.

23.     In said document, Gaston falsely accused Plaintiff Osborne of prior infractions that had never actually occurred.

24.     Specifically, Gaston falsely documented that on August 14, 2024, she met with Plaintiff Osborne to address "expectations regarding professionalism and confidentiality" and "appropriate behavior during team meetings and individual conversations within the office."  Plaintiff Osborne adamantly denies that any such meeting occurred or that she received any counseling or warning whatsoever prior to the issuance of the September 16, 2024 PIP.

25.     In the September 16, 2026 PIP, Gaston further falsely documented that on September 6, 2024, Plaintiff Osborne discussed confidential topics from a staff meeting in the presence of a guest to the office.  Again, at no time did Plaintiff Osborne ever speak about confidential matters in the presence of any office visitors, nor was she ever counseled or warned about doing so prior to the issuance of the September 16, 2024 PIP. In fact, other non-disabled similarly situated Administrative Assistants including Betty Dorsey, Jasmin Johnson, and Santana Malin were engaged in the same conversation as

5

Plaintiff Osborne on said date and received no discipline whatsoever for their participation in the discussion.

26. The "PIP Goals" set by Gaston in the document are also disingenuous and a misrepresentation of the realities of Plaintiff Osborne's employment with the Defendant. For example, Gaston implies in the PIP that Plaintiff Osborne failed to properly punch in/out with the company timekeeping phone application program. However, in actuality, Plaintiff Osborne and other members of her team experienced technical issues with the timekeeping phone application program and had reported same to the Defendant.

27. Similarly, the "PIP Goals" state that Plaintiff Osborne must arrive on time and must contact her supervisor two (2) hours before her start time when calling out of work. However, at all times during her employment, Plaintiff Osborne sent an email or text message within the required time frame advising of her need to be absent from work.

28. Gaston noted in the PIP that Plaintiff Osborne would receive bi-weekly supervision meetings for the duration of the PIP. During those meetings, Gaston met with Plaintiff Osborne and had nothing but positive feedback for her.

29. Gaston further noted in the PIP that Plaintiff Osborne would receive internal training on "professionalism, confidentiality, work ethics, and conduct." In actuality, however, no such training occurred.

30. On or about November 14, 2024, Plaintiff Osborne requested additional reasonable accommodation for her disabilities in the form of intermittent FMLA leave.

31. Defendant approved Plaintiff Osborne's request for intermittent FMLA leave on December 4, 2024, effective November 25, 2024 through May 23, 2025.

6

32.     Thereafter, Plaintiff Osborne informed both Gaines and Gaston of her FMLA approval and that she may need to be absent from work intermittently due to her disabilities.

33.     Just two (2) weeks later, on or about December 19, 2024, Plaintiff Osborne received a performance evaluation from Gaston.  Although Gaston issued Plaintiff Osborne a negative numerical rating of 2.8 out of 5, the evaluation contains the following positive feedback: "Charmaine has made notable progress in key areas of concern outlined in her PIP, particularly in professionalism, and attitude toward constructive feedback."  Again, Gaston issued the negative evaluation without seeking any input or feedback from Plaintiff Osborne's immediate supervisor Gaines.

34.     At no time thereafter did the Defendant provide Plaintiff Osborne with any negative feedback regarding her performance or behavior at work.  In fact, she received positive reinforcement from her managers that she had demonstrated consistent improvement.

35.     Plaintiff Osborne continued to utilize intermittent FMLA due to her disabilities, as needed.

36.     On or about January 27, 2025, just two (2) months after applying for intermittent FMLA and requesting reasonable accommodations under the ADA and PHRA, the Defendant abruptly terminated Plaintiff Osborne's employment under the guise that she failed to successfully complete the PIP.

37.     Plaintiff Osborne believes and avers that the Defendant's articulated reason for her termination is false and pretextual and that the Defendant actually terminated her

employment due to her actual and/or perceived disabilities and/or record of impairment and/or in retaliation for requesting accommodations for her disabilities and/or for exercising her rights to medical leave under the FMLA.

38.    In support thereof, during Plaintiff Osborne's termination meeting, Liz Pagan ("Pagan") and Angelo Rosario ("Rosario"), Human Resources Generalists, could not explain to Plaintiff Osborne why her managers had repeatedly told her she was performing well and improving, yet the Defendant had terminated her based on the exact opposite representation.

## COUNT I
### (ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Osborne v. the Defendant

39.    Plaintiff Osborne incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Osborne to discrimination on the basis of her actual and/or perceived disabilities and/or record of impairment, and in retaliating against her for requesting reasonable accommodations for her disabilities, ultimately resulting in the termination of her employment, constituted a violation of the ADA.

41.    As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Osborne sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain

benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

42.    As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Osborne suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (FMLA – Retaliation)
### Plaintiff Osborne v. the Defendant

43.    Plaintiff Osborne incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    Plaintiff Osborne was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. §2611(a)(i)(ii).

45.    Plaintiff Osborne requested leave from Defendant with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. §2611(2)(i).

46.    Plaintiff Osborne had at least 1,250 hours of service with Defendant during her last full year of employment.

47.    Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within seventy-five (75) miles of the location where Plaintiff Osborne worked for Defendant for each working day during each of the twenty

(20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. §2611(4)(A)(i).

48.     Plaintiff Osborne was entitled to receive leave pursuant to 29 U.S.C. §2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

49.     Plaintiff Osborne requested FMLA-qualifying leave during the last full year of their employment with Defendant.

50.     Defendant committed retaliation violations of the FMLA by terminating Plaintiff Osborne for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave and/or for considering Plaintiff Osborne's FMLA leave needs in making the decision to terminate her employment.

51.     As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Osborne sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT III
### (PHRA – Actual and/or Perceived Disability Discrimination, Retaliation)
### Plaintiff Osborne v. the Defendant

52.     Plaintiff Osborne incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Osborne to discrimination on the basis of her actual and/or

perceived disabilities and/or record of impairment, and in retaliating against her for requesting reasonable accommodations for her disabilities, ultimately resulting in the termination of her employment, constituted a violation of the PHRA.

54.     As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Osborne sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

55.     As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Osborne suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

56.     Plaintiff Osborne incorporates by reference paragraphs 1 through 55 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Osborne request that this Court enter judgment in her favor and against the Defendant, and Order that:

a.     Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits she would have received had it not been for Defendant's unlawful actions, as aforesaid, including, but not limited to, back pay, front

pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b.      Defendant pay to Plaintiff punitive damages and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

c.      Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

e.      The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Osborne demands trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:       _____

Ari R. Karpf, Esq.
I.D. No.: 91538
Traci M. Greenberg, Esq.
I.D. No.: 86396
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
tgreenberg@karpf-law.com

Dated: April 14, 2026

## **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of her knowledge, information and belief.  The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.


Dated:  4/14/2026

CHARMAINE E OSBORNE
_____
Charmaine Osborne

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Charmaine Osborne : CIVIL ACTION
:
v. :
:
Concilio De Organizaciones Hispanas De Filadelfia, Inc. NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x )

| 4/14/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?            Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

OSBORNE, CHARMAINE

**DEFENDANTS**

CONCILIO DE ORGANIZACIONES HISPANAS DE FILADELFIA, INC.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Pharmaceutical    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |    Liability   ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product    Liability ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract |    Product Liability ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal ☐ 380 Other Personal    Injury    Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - ☐ 385 Property Damage    Medical Malpractice    Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence    Accommodations ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - ☐ 535 Death Penalty    mployment | | |    Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -   **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| |    Other   ☐ 540 Mandamus & Other ☐ 448 Education   ☐ 550 Civil Rights   ☐ 555 Prison Condition   ☐ 560 Civil Detainee -    Conditions of    Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/14/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____